JOHN D. HAWKINS, d. b., *vs.* SAMUEL W. HALL, p. b.

*Award of Referees—Remanding Report—Amendment—Referees;*
*Duty of—Practice.*

The report of referees will be remanded by the Court to be amended according to the facts, when all the referees did hear the case, although the report does not show it, and only two of them signed the report.

(*April 29, 1903.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Henry Ridgely, Jr.,* for plaintiff in error.

*Richard R. Kenney* and *Arley B. Magee* for defendant in error.

Superior Court, Kent County, April Term, 1903.

Application to amend the report of referees.

In the above stated case the referees were duly qualified and after hearing the proofs and allegations of the parties, two who favored the report signed the same, but the one dissenting did not sign ; the report failed to show that the three referees acted. Mr. Ridgely asked that the report be amended so as to conform to the facts and show that all of the referees acted.

*John W. Gardner, d. b., vs. Washington Moore, p. b., 5 Harr.,* 286.

LORE, C. J.:—We understand that the application is to remand the report to the referees, so that they may correct it.

*Mr. Ridgely :*—The motion was to amend, and that can be done by remanding.

*Mr. Kenney* objected to the report being remanded to the referees, contending that there was no such practice known to the members of the Kent County Bar, and inquired whether the Court in a case of this kind could bring the parties themselves into court and examine them.

SPRUANCE, J.:—We have not reached that stage yet; we do not know what sort of an amendment they will make to this report.

LORE, C. J.:—We send it to the persons who are presumed to know. If, when it comes back, it shows that all three referees did not act and hear the allegations and that two of them only acted and made the decision, you can then except. We remand this report to the referees to amend it according to the facts. If there be any exception we will hear it afterwards.